**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDRA L. TABER,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant - Appellee.

No. 09-35744

D.C. No. 2:08-cv-05064-JPH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted June 8, 2010[**]
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

The ALJ's determination that Taber was not credible was supported by

substantial evidence, in particular the medical records that indicated Taber was

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

malingering. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ did not err in discrediting Taber's subjective complaints in light of this evidence of malingering and the lack of supporting medical evidence. *Id.*; *see* 20 C.F.R. § 404.1529(c)(2).

In light of the ALJ's valid adverse credibility determination, the ALJ's discounting of the medical opinions related to Taber's mental impairment was proper. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The ALJ's reasons for discounting Dr. French's Physical Medical Source Statement were specific and legitimate. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Even assuming the ALJ erred in commenting on whether Dr. French may have a pro-patient bias as a result of his position as Taber's treating physician, the ALJ's numerous other reasons for rejecting Dr. French's opinion were supported by substantial evidence, including the Physical Medical Source Statement's heavy reliance on Taber's non-credible reporting, and contradictions between Dr. French's opinion and Taber's other medical records. *See id.*; *cf. Reddick v. Chatter*, 157 F.3d 715, 726 (9th Cir. 1998).

The limitations set forth in the RFC were supported by substantial evidence, and the ALJ did not err in rejecting a hypothetical incorporating more restrictive limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001). Given that Dr. Bostwick testified that he agreed with the mental limitations described in

the RFC, which were taken from Dr. Baldwin's Functional Capacity Assessment, the RFC was consistent with Dr. Bostwick's opinion. The ALJ could properly rely on the vocational expert's testimony that the jobs suited to Taber's capabilities did not involve significant contact with the general public. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**AFFIRMED.**